(Not for Publication)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____
                               :

RUBEN AGUILAR, et al.,          :

                               :

              Plaintiffs,       :      Civil No. 06-5295 (RBK)

                               :

              v.              :      **OPINION**

                               :

D.D.S. PAINTING AND        :
CARPENTRY, INC., et al.,       :

                               :

              Defendants.     :
_____ :

**KUGLER**, United States District Judge:

Before the Court is a motion by Ruben Aguilar, Eugenio Aguilar, Saul Garcia, and Lucas Garcia (collectively "Plaintiffs") for default judgment against Cumhur Aydin ("Aydin") and Empire Painting, Inc. (collectively "Defendants"), pursuant to Federal Rule of Civil Procedure 55(b)(2), for failure to appear, answer, or otherwise defend in this matter.  Plaintiffs' claims arise from Defendants' failure to pay them for over a month of work painting houses.  For the reasons set forth below, the Court will grant Plaintiffs' motion, but deny without prejudice Plaintiffs' application for attorneys' fees.

## I.     BACKGROUND

Plaintiffs were employed as house painters by Defendants, D.D.S. Painting and Carpentry, Inc. ("D.D.S."), and Robert Sotile ("Sotile").  Sotile owns D.D.S., and Aydin, who

uses the trade name Empire Painting, Inc. ("Empire"), helps recruit workers for D.D.S.  (Compl. ¶ 3.)

Aydin recruited Plaintiffs to work for D.D.S. painting new homes.  (R. Aguilar Aff. ¶ 10; E. Aguilar Aff. ¶ 6; S. Garcia Aff. ¶ 9; L. Garcia Aff. ¶ 7.)  Aydin promised to pay Ruben Aguilar, Eugenio Aguilar, and Saul Garcia $9.00 per hour and to pay Lucas Garcia $10.00 per hour.  (R. Aguilar Aff. ¶ 7; E. Aguilar Aff. ¶ 4; S. Garcia Aff. ¶ 7; L. Garcia Aff. ¶ 4.)  Based on these promised wages, Plaintiffs performed work for Defendants from on or about August 2, 2004 to on or about September 16, 2004.  (R. Aguilar Aff. ¶ 9; E. Aguilar Aff. ¶ 5; S. Garcia Aff. ¶ 8; L. Garcia Aff. ¶ 6.)  During this time, Ruben Aguilar performed 361 hours of work, including 91 hours of overtime; Eugenio Aguilar performed 208 hours of work, including 32 hours of overtime; Saul Garcia performed 370 hours of work, including 100 hours of overtime; and Lucas Garcia performed 358 hours of work, including 88 hours of overtime.  (R. Aguilar Aff. ¶ 10; E. Aguilar Aff. ¶ 6; S. Garcia Aff. ¶ 9; L. Garcia Aff. ¶ 7.)  Despite these many hours of work, Plaintiffs were not paid.

Plaintiffs attest that Defendants acknowledged liability for unpaid wages and that Plaintiffs attempted to settle their claims against D.D.S., Sotile, Aydin, and Empire.  (Pls.' Br. at 3.)  However, Aydin and Empire abruptly ceased participating in the discussions.  (Id.)  Plaintiffs brought suit against D.D.S., Sotile, Aydin, and Empire on September 11, 2006 in the Superior Court of New Jersey, Cumberland County, Law Division.  Defendants were properly served. Non-defaulting Defendants D.D.S. and Sotile then removed the action and later settled with Plaintiffs.  Aydin and Empire have yet to answer Plaintiffs' complaint and have not appeared or otherwise defended against Plaintiffs' suit.

2

Plaintiffs sought and received entry of default by the Clerk of the Court against Aydin and filed the motion now before the Court on July 19, 2007.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 55(b)(2) authorizes courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading. Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev., 922 F.2d 168, 177 n.9 (3d Cir.1990) ("When a defendant fails to appear . . . the district court or its clerk is authorized to enter a default judgment based solely on the fact that the default has occurred."). The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such "discretion is not without limits, however, and we repeatedly state our preference that cases be disposed of on the merits whenever practicable." Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984) (citations omitted).

Although the Court should accept as true the well-pleaded factual allegations of the complaint, the court need not accept the moving party's legal conclusions or allegations relating to the amount of damages. Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990); Directv, Inc. v. Asher, No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing Charles A. Wright, et al., 10A Federal Practice and Procedure § 2688, at 58-59, 63 (3d ed.1998)). Consequently, before granting a default judgment, the Court must first ascertain whether "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." Asher, 2006 WL 680533, at *1 (citing Wright, et al., § 2688, at 63). The Court must therefore determine if Plaintiffs have stated a legitimate cause of action.

3

III.    **DISCUSSION**

A.    **Causes of Action**

Before awarding a default judgment, the Court must determine whether the moving party's complaint establishes a legitimate cause of action.  DirecTV v. DeCroce, 332 F. Supp. 2d 715, 717 (D.N.J. 2004), rev'd on other grounds sub nom. DIRECTV, Inc. v. Pepe, 431 F.3d 162 (3d Cir. 2005).  Accepting Plaintiffs' allegations as true, the Court finds that they have set forth legitimate causes of action for breach of contract and violation of the FLSA and New Jersey Wage and Hour Law.

I.    **Breach of Contract**

Plaintiffs state claims for breach of contract.  The essential elements of a cause of action for breach of contract are a valid contract, defective performance by the defendant, and resulting damages.  Coyle v. Englander's, 488 A.2d 1083, 1088 (N.J. Super. Ct. App. Div. 1985).  An oral employment contract "may be formed by the existence of conditions, not only manifested by words, but also implied from the circumstances of employment."  Troy v. Rutgers, 774 A.2d 476, 482 (N.J. 2001).

Here, Plaintiffs aver that Defendants promised to pay each of them a certain wage and that Plaintiffs performed the work Defendants instructed them to do; therefore, there were valid contracts between Defendants and each Plaintiff.  Furthermore, Defendants breached those contracts by not paying Plaintiffs.  As a result of Defendants' breach, Plaintiffs suffered damages in the amount of unpaid wages.  Therefore, Plaintiffs have made out each element of an action for breach of contract.

ii.      **Federal Labor Standards Act**

The FLSA requires employers to pay their nonexempt employees at least the federal minimum wage for each hour worked up to forty hours of work per week and overtime at a rate of one and one-half times the base wage for any hours worked in excess of forty hours.  29 U.S.C. §§ 206(a)(1), 207.  To fully compensate an employee for an employer's violation of the minimum wage provisions, the FLSA provides for liquidated damages equal to an employee's unpaid minimum wages plus any unpaid overtime compensation.  29 U.S.C. § 216(b); Martin v. Cooper Elec. Supply Co., 940 F.2d 896, 907 (3d Cir. 1991).  Courts have discretion to deny or limit liquidated damages where an employer shows good faith and "reasonable grounds for believing that his act or omission was not a violation of the [FLSA]."  29 U.S.C. § 260; see also Martin, 940 F.2d at 907.

The federal minimum wage at the time Plaintiffs worked for Defendants was $5.15 per hour; however, Defendants agreed to pay $9.00 per hour to Ruben Aguilar, Eugenio Aguilar, and Saul Garcia and $10.00 per hour to Lucas Garcia.  Pursuant to the FLSA, Plaintiffs' overtime rates are at "time-and-a-half" these base rates, or $13.50 per hour of overtime for Ruben Aguilar, Eugenio Aguilar, and Saul Garcia and $15.00 per hour of overtime for Lucas Garcia.  See Bumpus v. Cont'l Baking Co., 124 F.2d 549, 552 (6th Cir. 1941) (finding employee entitled to overtime payments based on regular rate of greater than minimum wage for which he had contracted).

Additionally, Defendants' failure to respond to Plaintiffs' suit gives this Court no basis from which to conclude that Defendants had reasonable grounds for believing their failure to pay Plaintiffs was not a violation of the law.  Therefore, liquidated damages in the amount of unpaid

5

minimum wages plus Plaintiffs' unpaid overtime compensation at the contract rate are called for in this case.

### iii.   New Jersey Wage and Hour Law

The New Jersey Wage and Hour Law requires that employees be paid the state minimum wage and enables an employee to recover "the full amount of such minimum wage less any amount actually paid to him or her by the employer."  N.J. Stat. Ann. 34:11-56a25.  The state minimum wage at the time of Plaintiffs' work for Defendants was also $5.15 per hour.  Thus, Plaintiffs set forth claims under the New Jersey Wage and Hour Law; however, any recovery thereunder would duplicate that already afforded Plaintiffs by the FLSA.

### C.   **Emcasco** Factors

Prior to entering default judgment, the Court must also consider four factors: (1) whether the plaintiff will be prejudiced if default is not granted, (2) whether the defendant has a meritorious defense, (3) whether the defendant's delay was the result of culpable misconduct, and (4) the effectiveness of alternative sanctions.  Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3d Cir. 1987).

Plaintiffs easily satisfy these criteria.  Denying default judgment would prejudice Plaintiffs because Plaintiffs have no other means of vindicating their rights.  Furthermore, since Defendants have not filed any responsive pleadings in this case, it is impossible to evaluate whether they may have a meritorious defense or whether the defaulting conduct is in any way excusable.  Lastly, Defendants' failure to respond or defend this action suggests alternative sanctions would not be effective.  Therefore, the Court finds that a default judgment against Defendant is appropriate in this case.

**D.    Damages**

Plaintiffs are entitled to their promised wage rates, including overtime equal to "time-and-a-half" of those promised rates.  In addition, Plaintiffs will receive liquidated damages in the amount of the federal minimum wage rate plus overtime based on the promised rate.  See 29 U.S.C. § 216(b) (providing that liquidated damages equal amount of unpaid minimum wages and unpaid overtime compensation); Bumpus, 124 F.2d at 552 (calculating overtime owed under FLSA based on contract wage exceeding federal minimum).  These amounts are detailed below.

| | Wage | Hours Worked at Base Rate | Overtime Hours | Non-Overtime Wages | Overtime Wages | Liquidated Damages | Total |
|---|---|---|---|---|---|---|---|
| R. Aguilar | $9.00 | 270 | 91 | $2430.00 | $1228.50 | $2619.00 | $6277.00 |
| E. Aguilar | $9.00 | 176 | 32 | $1584.00 | $432.00 | $1338.40 | $3354.40 |
| S. Garcia | $9.00 | 270 | 100 | $2430.00 | $1350.00 | $2740.50 | $6520.50 |
| L. Garcia | $10.00 | 270 | 88 | $2700.00 | $1320.00 | $2710.50 | $6730.50 |

Thus, Ruben Aguilar is owed $6277.00; Eugenio Aguilar is owed $3354.40; Saul Garcia is owed $6520.50, and Lucas Garcia is owed $6730.50, for a total of $22,882.40.  (See generally R. Aguilar Aff.; E. Aguilar Aff.; S. Garcia Aff.; L. Garcia Aff.)

**E.    Attorneys' Fees**

Plaintiffs ask the Court to award them attorneys' fees pursuant to 29 U.S.C. § 216(b), which states in relevant part that "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action," and N.J. Stat. Ann. 34:11-56a25, which also provides for costs and "such reasonable attorney's fees as may be allowed by the court."  No record exists, however, as to the

7

costs and fees incurred by Plaintiffs in this litigation.  As a result, the Court will deny Plaintiffs'

request without prejudice.  Plaintiffs are invited to file a subsequent motion requesting attorneys'

fees as authorized by the FLSA and a Bill of Costs with the Clerk pursuant to Local Civil Rule

54.1.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Plaintiffs' motion for default judgment

against Defendants and deny Plaintiffs' motion for attorneys' fees without prejudice.  An

accompanying order will issue today.


Dated: 3/4/08                                                  s/ Robert B. Kugler
                                                           ROBERT B. KUGLER
                                                           United States District Judge